**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number (if known) _____  Chapter __11__

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | Debtor's name | Highland Capital Management, L.P. |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 75-2716725 |
| 4. | Debtor's address | **Principal place of business**<br><br>300 Crescent Court<br>Suite 700<br>Dallas, TX 75201<br>Number, Street, City, State & ZIP Code<br><br>Dallas<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | www.highlandcapital.com |
| 6. | Type of debtor | ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>■ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor  **Highland Capital Management, L.P.**                                    Case number (*if known*) _____
        Name

7. **Describe debtor's business**

   A. *Check one:*
   - ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   - ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - ■ None of the above

   B. *Check all that apply*
   - ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
   - ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
   - ■ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.uscourts.gov/four-digit-national-association-naics-codes.
   __5259__

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   *Check one:*
   - ☐ Chapter 7
   - ☐ Chapter 9
   - ■ Chapter 11. *Check all that apply:*
     - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
     - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☐ A plan is being filed with this petition.
     - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
     - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
     - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
   - ■ No.
   - ☐ Yes.

   If more than 2 cases, attach a separate list.

   District _____    When _____    Case number _____
   District _____    When _____    Case number _____

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**
    - ■ No
    - ☐ Yes.

    List all cases. If more than 1, attach a separate list

    Debtor _____                                          Relationship _____
    District _____    When _____    Case number, if known _____

Debtor   **Highland Capital Management, L.P.**          Case number (*If known*) _____
         Name

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property?  _____
                        Number, Street, City, State & ZIP Code

Is the property insured?

☐ No

☐ Yes.   Insurance agency _____
         Contact name _____
         Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☒ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor   Highland Capital Management, L.P.   Case number (if known) _____
         Name

**Request for Relief, Declaration, and Signatures**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10/16/2019
             MM / DD / YYYY

X _____
Signature of authorized representative of debtor

Strand Advisors, Inc., General Partner
by: James D. Dondero, President
Printed name

Title

**18. Signature of attorney**

X _____   Date 10/16/2019
Signature of attorney for debtor              MM / DD / YYYY

James E. O'Neill
Printed name

Pachulski Stang Ziehl & Jones LLP
Firm name

919 N. Market Street
17th Floor
Wilmington, DE 19899
Number, Street, City, State & ZIP Code

Contact phone  302-652-4100    Email address  joneill@pszjlaw.com

4042 DE
Bar number and State

## ACTION BY WRITTEN CONSENT OF
## THE SOLE GENERAL PARTNER
## OF
## HIGHLAND CAPITAL MANAGEMENT, L.P.
(a Delaware limited partnership)

The undersigned, being the sole general partner (the "**General Partner**") of Highland Capital Management, L.P. (the "**Company**"), hereby takes the following actions and adopts the following resolutions:

WHEREAS, the General Partner, acting pursuant to the laws of the State of Delaware, has considered the financial and operational aspects of the Company's business;

WHEREAS, the General Partner has reviewed the historical performance of the Company, the outlook for the Company's assets and overall performance, and the current and long-term liabilities of the Company;

WHEREAS, the General Partner has carefully reviewed and considered the materials presented to it by the management of and the advisors to the Company regarding the possible need to undertake a financial and operational restructuring of the Company; and

WHEREAS, the General Partner has analyzed each of the financial and strategic alternatives available to the Company, including those available on a consensual basis with the principal stakeholders of the Company, and the impact of the foregoing on the Company's business and its stakeholders.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the General Partner, it is desirable and in the best interests of the Company, its creditors, partners, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware;

RESOLVED, that the officers of the General Partner (each, an "**Authorized Officer**") be, and each of them hereby is, authorized, empowered and directed on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officer deems necessary, desirable and proper in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case, including all actions and steps deemed by any such Authorized Officer to be necessary or desirable to the develop, file and prosecute to confirmation a chapter 11 plan and related disclosure statement;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed, on behalf of the Company, to retain the law firm of Pachulski Stang Ziehl & Jones LLP ("**PSZ&J**") as bankruptcy counsel to represent and assist the Company in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of PSZ&J;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed, on behalf of the Company, to retain and employ Development Specialists, Inc. ("***DSI***") to provide the Company with Bradley D. Sharp as chief restructuring officer ("***CRO***") and additional personnel to assist in the execution of the day to day duties as CRO. The CRO, subject to oversight of the General Partner will lead the Company's restructuring efforts along with the Company's advisors, and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy petition, and to cause to be filed an appropriate application for authority to hire the CRO and his affiliated firm, DSI;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed, on behalf of the Company, to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed, on behalf of the Company, to obtain post-petition financing and obtain permission to use existing cash collateral according to terms which may be negotiated by or on behalf of the Company, and to enter into any guaranties and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral arrangement; and in connection therewith, the Authorized Officers shall be, and each of them hereby is, hereby authorized, empowered and directed, on behalf of the Company, to execute appropriate loan agreements, cash collateral agreements and related ancillary documents;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed, on behalf of the Company, to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all

documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 case;

RESOLVED, that any and all actions heretofore taken by any Authorized Officer in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects.

*[Signature pages follow]*

IN WITNESS WHEREOF, the undersigned have duly executed this Written Consent as of October 7, 2019.

> STRAND ADVISORS, INC.
> Sole General Partner of Highland Capital Management, L.P.
>
> By: _____
> James D. Dondero
> President

**Fill in this information to identify the case:**

Debtor name   HIGHLAND CAPITAL MANAGEMENT, L.P.

United States Bankruptcy Court for the:   District of Delaware                (State)

Case number (If known):  19-

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. | Redeemer Committee of the Highland Crusader Fund<br>c/o Terri Mascherin, Esq.<br>Jenner & Block<br>353 N. Clark Street<br>Chicago, IL 60654-3456 | Terri Mascherin<br>Tel: 312.923.2799<br>Email: tmascherin@jenner.com | Litigation | Contingent Unliquidated Disputed | | | $189,314,946.00 |
| 2. | Patrick Daugherty<br>c/o Thomas A. Uebler, Esq.<br>McCollom D'Emilio Smith Uebler LLC<br>2751 Centerville Rd #401<br>Wilmington, DE 19808 | Thomas A. Uebler<br>Tel: 302.468.5963<br>Email: tuebler@mdsulaw.com | Litigation | Contingent Unliquidated Disputed | | | $11,700,000.00 |
| 3. | CLO Holdco, Ltd.<br>Grant Scott, Esq.<br>Myers Bigel Sibley & Sajovec, P.A.<br>4140 Park Lake Ave, Ste 600<br>Raleigh, NC 27612 | Grant Scott<br>Tel: 919.854.1407<br>Email: gscott@myersbigel.com | Contractual Obligation | | | | $11,511,346.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 4. McKool Smith, P.C.<br>Gary Cruciani, Esq.<br>McKool Smith<br>300 Crescent Court, Suite 1500<br>Dallas, TX 75201 | Gary Cruciani<br>Tel: 214.978.4009<br>Email:<br>gcruciani@mckoolsmith.com | Professional Services | Contingent<br>Unliquidated<br>Disputed | | | $2,163,976.00 |
| 5. Meta-e Discovery LLC<br>Paul McVoy<br>Six Landmark Square, 4th Floor<br>Stamford, CT 6901 | Paul McVoy<br>Tel: 203.544.8323<br>Email:<br>pmcvoy@metaediscovery.com | Professional Services | | | | $1,852,348.54 |
| 6. Foley Gardere<br>Holly O'Neil, Esq.<br>Foley & Lardner LLP<br>2021 McKinney Avenue<br>Suite 1600<br>Dallas, TX 75201 | Holly O'Neil<br>Tel: 214.999.4961<br>Email: honeil@foley.com | Professional Services | | | | $1,398,432.44 |
| 7. DLA Piper LLP (US)<br>Marc D. Katz, Esq.<br>1900 N Pearl St, Suite 2200<br>Dallas, TX 75201 | Marc D. Katz<br>Tel: 214.743.4534<br>Email:<br>marc.katz@dlapiper.com | Professional Services | | | | $994,239.53 |
| 8. Reid Collins & Tsai LLP<br>William T. Reid, Esq.<br>810 Seventh Avenue, Ste 410<br>New York, NY 10019 | William T. Reid<br>Tel: 512.647.6105<br>Email:<br>wreid@rctlegal.com | Professional Services | | | | $625,845.28 |
| 9. Joshua & Jennifer Terry<br>c/o Brian P. Shaw, Esq.<br>Rogge Dunn Group, PC<br>500 N. Akard Street, Suite 1900<br>Dallas, TX 75201 | Brian Shaw<br>Tel: 214. 239.2707<br>email:<br>shaw@roggedunngroup.com | Litigation | Contingent<br>Unliquidated<br>Disputed | | | $425,000.00 |
| 10. NWCC, LLC<br>c/o of Michael A. Battle, Esq.<br>Barnes & Thornburg, LLP<br>1717 Pennsylvania Ave N.W. Ste 500<br>Washington, DC 20006-4623 | Michael A. Battle<br>Tel: 202.371.6350<br>Email:<br>mbattle@btlaw.com | Litigation | Contingent<br>Unliquidated<br>Disputed | | | $375,000.00 |
| 11. Duff & Phelps, LLC<br>c/o David Landman<br>Benesch, Friedlander, Coplan & Aronoff LLP<br>200 Public Square, Suite 2300<br>Cleveland, OH 44114-2378 | David Landman<br>Tel: 216.363.4593<br>Email:<br>dlandman@beneschlaw.com | Professional Services | | | | $350,000.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 12. American Arbitration Association<br>120 Broadway, 21st Floor,<br>New York, NY 10271 | Elizabeth Robertson, Director<br>Tel: 212.484.3299<br>Email: robertsone@adr.org | Professional Services | | | | $292,125.00 |
| 13. Lackey Hershman LLP<br>Paul Lackey, Esq.<br>Stinson LLP<br>3102 Oak Lawn Avenue, Ste 777<br>Dallas, TX 75219 | Paul Lackey<br>Tel: 214.560.2206<br>Email: paul.lackey@stinson.com | Professional Services | | | | $246,802.54 |
| 14. Bates White, LLC<br>Karen Goldberg, Esq.<br>2001 K Street NW, North Bldg Suite 500<br>Washington, DC 20006 | Karen Goldberg<br>Tel: 202.747.2093<br>Email: karen.goldberg@bateswhite.com | Professional Services | | | | $235,422.04 |
| 15. Debevoise & Plimpton LLP<br>c/o Accounting Dept 28th Floor<br>919 Third Avenue<br>New York, NY 10022 | Michael Harrell<br>Tel: 212-909-6349<br>Email: mpharrell@debevoise.com | Professional Services | | | | $179,966.98 |
| 16. Andrews Kurth LLP<br>Scott A. Brister, Esq.<br>111 Congress Avenue, Ste 1700<br>Austin, TX 78701 | Scott A. Brister<br>Tel: 512.320.9220<br>Email: ScottBrister@andrewskurth.com | Professional Services | | | | $137,637.81 |
| 17. Connolly Gallagher LLP<br>1201 N. Market Street<br>20th Floor<br>Wilmington, DE 19801 | Ryan P. Newell<br>Tel: 302.888.6434<br>Email: rnewell@connollygallagher.com | Professional Services | | | | $118,831.25 |
| 18. Boies, Schiller & Flexner LLP<br>5301 Wisconsin Ave NW<br>Washington, DC 20015-2015 | Scott E. Gant<br>Tel: 202.237.2727<br>Email: sgant@bsfllp.com | Professional Services | | | | $115,714.80 |
| 19. UBS AG, London Branch and UBS Securities LLC<br>c/o Andrew Clubock, Esq.<br>Latham & Watkins LLP<br>555 Eleventh Street NW<br>Suite 1000<br>Washington, DC 20004-130 | Andrew Clubock<br>Tel: 202.637.3323<br>email: Andrew.Clubok@lw.com | Litigation | Contingent Unliquidated Disputed | | | Unliquidated |

| 20. | Acis Capital Management, L.P. and Acis Capital Management GP, LLC c/o Brian P. Shaw, Esq. Rogge Dunn Group, PC 500 N. Akard Street, Suite 1900 Dallas, TX 75201 | Brian Shaw Tel: 214. 239.2707 email: shaw@roggedunngroup.com | Litigation | Contingent Unliquidated Disputed | | | Unliquidated |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., ) | Case No. 19-_____ (___) |
| ) | |
| Debtor. ) | |
| ) | |

**CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)**

    Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☑ None [*check if applicable*]

  Name:
  Address:

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | ) Case No. 19-_____ (___) |
| Debtor. | ) |

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case:

Name: Strand Advisors, Inc.
Address: 300 Crescent Court
Suite 700
Dallas, TX 75201

Name: The Dugaboy Investment Trust
Address: 300 Crescent Court
Suite 700
Dallas, TX 75201

Name: Mark K. Okada
Address: 300 Crescent Court
Suite 700
Dallas, TX 75201

Name: The Mark and Pamela Okada Family Trust – Exempt Trust #1
Address: 300 Crescent Court
Suite 700
Dallas, TX 75201

Name: The Mark and Pamela Okada Family Trust – Exempt Trust #2
Address: 300 Crescent Court
Suite 700
Dallas, TX 75201

Name: Hunter Mountain Investment Trust
Address: c/o Rand Advisors LLC
John Honis
87 Railroad Place Ste 403
Saratoga Springs, NY 12866

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | ) Case No. 19-_____ (___) ) |
| Debtor. | ) ) ) |

**CERTIFICATION OF CREDITOR MATRIX**

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above captioned debtor (the "Debtor") hereby certifies that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtor's creditors. To the best of the Debtor's knowledge, the *Creditor Matrix* is complete, correct, and consistent with the Debtor's books and records.

The information contained herein is based upon a review of the Debtor's books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtor.

**Fill in this information to identify the case:**

Debtor name: Highland Capital Management, L.P.

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule _____
- ■ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ■ Other document that requires a declaration    Corporate Ownership Statement, List of Equity Holders, Creditor Matrix Certification

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10/16/2019     X _/s/ Frank Waterhouse_
Signature of individual signing on behalf of debtor

Frank Waterhouse
Printed name

Treasurer of Strand Advisors, Inc., General Partner
Position or relationship to debtor