IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-12239 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**APPLICATION FOR AN ORDER APPOINTING KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS AND NOTICING AGENT FOR THE DEBTOR PURSUANT TO 28 U.S.C. § 156(C), 11 U.S.C. § 105(A) AND LOCAL RULE 2002-1(F)**

The above-captioned debtor and debtor in possession (the "Debtor") hereby seeks entry of an order, substantially in the form of **Exhibit C** hereto (the "Retention Order") pursuant to section 156(c) of title 28 of the United States Code and section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), appointing Kurtzman Carson Consultants LLC ("KCC") as claims and noticing agent in the Debtor's cases (the "Section 156(c) Application"). In support of the Section 156(c) Application, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2018. The Debtor confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

2

order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein are section 156(c) of title 28 of the United States Code, Section 503(b) of title 11 of the United States Code, Rules 2002-1(f) and 9013-(m) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware ("Local Rules").

**Background**

4. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in this chapter 11 case.

5. A more detailed description of the business and operations of the Debtor, and the events leading to the commencement of this chapter 11 case, is provided in the *Declaration of Frank Waterhouse in Support of First Day Motions*, filed concurrently herewith (the "Declaration") and incorporated herein by reference.[2]

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Declaration.

**Relief Requested**

6.  This Section 156(c) Application is made pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code and Local Rule 2002-1(f) for an order appointing KCC to act as the claims and noticing agent in order to assume full responsibility for the distribution of notices and the maintenance, processing and docketing of proofs of claim filed in the Debtor's case.  The Debtor's selection of KCC to act as the claims and noticing agent has satisfied the Court's *Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c)*, in that the Debtor has obtained and reviewed engagement proposals from at least two (2) other court-approved claims and noticing agents to ensure selection through a competitive process. Moreover, the Debtor submits, based on all engagement proposals obtained and reviewed, that KCC's rates are competitive and reasonable given KCC's quality of services and expertise.  The terms of retention are set forth in the Engagement Agreement annexed hereto as **Exhibit A** (the "Engagement Agreement"); provided, however, that KCC is seeking approval solely of the terms and provisions as set forth in this Application and the proposed order attached hereto.

7.  The Debtor's creditor matrix contains over 5000 entities.  Pursuant to Local Rule 2002-1(f), the court may authorize the retention of a claims agent under Bankruptcy Rule 156(c) "in all cases with more than 200 creditors or parties in interest listed on the creditor matrix, unless the Court orders otherwise, the debtor shall file such motion on the first day of the case or within seven (7) days thereafter."  Accordingly, the retention of a claims agent in this case is required by Local Rule 2002-1(f).

8.      Although the Debtor has not yet filed their schedules of assets and liabilities, it is anticipated that there will be thousands of entities to be noticed.  In view of the number of anticipated claimants and the complexity of the Debtor's businesses, the Debtor submits that the appointment of a claims and noticing agent is both necessary and in the best interests of both the Debtor's estate and its creditors.

## KCC's Qualifications

9.      KCC is a leading chapter 11 administrator comprised of industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases.  KCC has acted as the claims and noticing agent in numerous cases of comparable size, including several cases currently pending in the United States Bankruptcy Court for this District.  *See, e.g.*, *In re Bayou Steel BD Holdings, LLC, et al.*, Case No. 19-12153 (KBO) (Bankr. Case. No. 19-12153 Oct. 1, 2019); *In re Perkins & Marie Callender's, LLC, et al.*, Case No. 19-11743 (KG) (Bankr. D. Del. Aug. 5, 2019); *In re Emerge Energy Services LP, et al.*, Case No. 19-11563 (KBO) (Bankr. D. Del. Jul. 15, 2019); *In re Fuse, LLC, et al.*, Case No. 19-10872 (KG) (Bankr. D. Del. Apr. 22, 2019); *In re Achaogen, Inc.*, Case No. 19-10844 (BLS) (Bankr. D. Del. Apr. 15, 2019); *In re Southcross Energy Partners, L.P., et al.*, Case No. 19-10702 (MFW) (Bankr. D. Del. Apr. 1, 2019); *In re Novum Pharma, LLC*, Case No. 19-10209 (KJC) (Bankr. D. Del. Feb. 3, 2019); *In re Egalet Corporation, et al.*, Case No. 18-12439 (BLS) (Bankr. D. Del. Oct. 30, 2018); *In re Welded Construction, L.P., et al.*, Case No. 18-12378 (KG) (Bankr. D. Del. Oct. 22, 2018); *In re ATD* Corporation, Case No. 18-12221 (KJC) (Bankr. D. Del. Oct. 5, 2018); *In re RM Holdco LLC, et al.*, Case No. 18-11795 (MFW) (Bankr. D. Del.

Aug. 5, 2018); *In re Heritage Home Group LLC, et al.*, Case No. 18-11736 (KG) (Bankr. D. Del. Jul. 29, 2018); *In re Tintri, Inc.*, Case No. 18-11625 (KJC) (Bankr. D. Del. Jul. 10, 2018); *In re The Walking Company Holdings, Inc.*, Case No. 18-10474 (LSS) (Bankr. D. Del. Mar. 8, 2018); *In re VER Technologies Holdco LLC*, Case No. 18-10834 (KG) (Bankr. D. Del. Apr. 6, 2018); *In re Rand Logistics, Inc.*, Case No. 18-10175 (BLS) (Bankr. D. Del. Jan. 31, 2018); *In re ExGen Tex. Power, LLC*, Case No. 17-12377 (BLS) (Bankr. D. Del. Nov. 8, 2017); *In re TerraVia Holdings, Inc.*, No. 17-11655 (CSS) (Bankr. D. Del. Aug. 2, 2017); *In re Prospector Offshore Drilling S.à r.l*, No. 17-11572 (CSS) (Bankr. D. Del. July 20, 2017); *In re Keystone Tube Co., LLC (A.M. Castle & Co.)*, No. 17-11330 (LSS) (Bankr. D. Del. June 18, 2017); *In re Sungevity, Inc.*, No. 17-10561 (KG) (Bankr. D. Del. Mar. 15, 2017); *In re Aquion Energy, Inc.*, No. 17-10500 (KJC) (Bankr. D. Del. Mar. 8, 2017).

    10. By appointing KCC as the claims and noticing agent in this case, the distribution of notices and the processing of claims will be expedited, and the clerk's office will be relieved of the administrative burden of processing what may be an overwhelming number of claims. In support of this Section 156(c) Application, the Debtor submits the Declaration of Evan Gershbein attached hereto as **Exhibit B** (the "Gershbein Declaration").

**Services to be Provided by KCC**

    11. This Section 156(c) Application pertains only to the work to be performed by KCC under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c) and Local Rule 2002-1(f), and any work to be performed by KCC outside of this scope is not covered by this Section 156(c) Application or by any Order granting approval hereof.

12. Specifically, KCC will perform the following tasks in its role as claims and noticing agent, as well as all quality control relating thereto:

    a. Prepare and serve required notices and documents in the case in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtor and/or the Court, including (i) notice of the commencement of the case and the initial meeting of creditors under Bankruptcy Code § 341(a), (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtor's plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan and (vii) all other notices, orders, pleadings, publications and other documents as the Debtor or Court may deem necessary or appropriate for an orderly administration of the case.

    b. Maintain an official copy of the Debtor's schedules of assets and liabilities and statement of financial affairs (collectively, "Schedules"), listing the Debtor's known creditors and the amounts owed thereto;

    c. Maintain (i) a list of all potential creditors, equity holders and other parties-in-interest; and (ii) a "core" mailing list consisting of all parties described in sections 2002(i), (j) and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update said lists and make said lists available upon request by a party-in-interest or the Clerk;

    d. Furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

    e. Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

    f. For all notices, motions, orders or other pleadings or documents served, prepare and file or caused to be filed with the Clerk an affidavit or certificate of service within seven (7) business days of service which includes (i) either a copy of the notice served or the docket numbers(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

g. Process all proofs of claim received, including those received by the Clerk's Office, and check said processing for accuracy, and maintain the original proofs of claim in a secure area;

h. Maintain the official claims register for the Debtor (the "Claims Register") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Register; and specify in the Claims Register the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, *etc.*), and (vi) any disposition of the claim;

i. Implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

j. Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

k. Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of KCC, not less than weekly;

l. Upon completion of the docketing process for all claims received to date, turn over to the Clerk copies of the Claims Register for the Clerk's review (upon the Clerk's request);

m. Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

n. Identify and correct any incomplete or incorrect addresses in any mailing or service lists;

o. Assist in the dissemination of information to the public and respond to requests for administrative information regarding the cases as directed by the Debtor or the Court, including through the use of a cases website and/or call center.

p. If the case is converted to chapter 7, contact the Clerk's Office within three (3) days of the notice to KCC of entry of the order converting the case;

q. Thirty (30) days prior to the close of the case, to the extent practicable, request that the Debtor submit to the Court a proposed Order dismissing KCC and terminating the services of such agent upon completion of its duties and responsibilities and upon the closing of the case;

    r. Within seven (7) days of notice to KCC of entry of an order closing the chapter 11 case, provide to the Court the final version of the claims Register as of the date immediately before the close of the case; and

    s. At the close of this case, (i) box and transport all original documents, in proper format, as provided by the Clerk's Office, to (1) the Federal Archives Record Administration, located at 14700 Townsend Road, Philadelphia, PA 19154, or (2) any other location requested by the Clerk's Office; and (ii) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

  13. The Claims Register shall be opened to the public for examination without charge during regular business hours and on a case-specific website maintained by KCC.

### KCC's Compensation

  14. The Debtor respectfully requests that the undisputed fees and expenses incurred by KCC in the performance of the above services in accordance with the terms of the Engagement Agreement be treated as administrative expenses of the Debtor's estate pursuant to 28 U.S.C. § 156(c) and 11 U.S.C. § 503(b)(1)(A) and be paid in the ordinary course of business without further application to or order of the Court.  KCC agrees to maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and to serve monthly invoices on the Debtor, the office of the United States Trustee, counsel for the Debtor, counsel for any official committee, if any, monitoring the expenses of the Debtor and any party-in-interest who specifically requests service of the monthly invoices.  If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

15. The Debtor provided KCC with a prepetition retainer in the amount of $50,000. KCC seeks to first apply the retainer to all pre-petition invoices, and thereafter, to have the retainer replenished to the original retainer amount, and thereafter, to hold the retainer under the Engagement Agreement during the case as security for the payment of fees and expenses incurred under the Engagement Agreement.

16. KCC has informed the Debtor that, subject to Court approval, it will bill at its standard hourly rates, which are set forth in the KCC Agreement attached as **Exhibit A** to this Section 156(c) Application.

17. Additionally, under the terms of the Engagement Agreement, the Debtor has agreed to indemnify, defend, and hold harmless KCC and its affiliates, members, directors, officers, employees, consultants, subcontractors, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from KCC's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or any order authorizing the employment and retention of KCC. The Debtor believes that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a claims and noticing agent in this chapter 11 case.

### **KCC's Disinterestedness**

18. Although the Debtor does not propose to employ KCC under section 327 of the Bankruptcy Code pursuant to this application, KCC has nonetheless reviewed its conflicts database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtor, and the Debtor has been advised that, to the best of KCC's knowledge,

information and belief, and except as disclosed in the Gershbein Declaration, KCC has represented that it neither holds nor represents any interest materially adverse to the Debtor's estate in connection with any matter on which it would be employed.

19. In connection with its retention as claims and noticing agent, KCC represents in the Gershbein Declaration, among other things, that:

    a. KCC is not a creditor of the Debtor;

    b. KCC will not consider itself employed by the United States government and shall not seeks any compensation from the United States government in its capacity as the claims and noticing agent in the case;

    c. By accepting employment in the case, KCC waives any rights to receive compensation from the United States government in connection with the Debtor's case;

    d. In its capacity as the claims and noticing agent in the case, KCC will not be an agent of the United States and will not act on behalf of the United States;

    e. KCC will not employ any past or present employees of the Debtor in connection with its work as the claims and noticing agent in this case;

    f. KCC shall be under the supervision and control of the Clerk with respect to the receipt and recordation of claims and claim transfers;

    g. KCC will comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c);

    h. None of the services provided by KCC as the claims and noticing agent in this chapter 11 case shall be at the expense of the Clerk; and

    i. KCC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged.

20. To the extent that there is any inconsistency between this 156(c) Application, the Retention Order, and the Engagement Agreement, the Retention Order shall govern.

21. This Section 156(c) Application complies with the *Protocol for the Employment of KCC under 28 U.S.C. § 156(c)* and conforms to the standard Section 156(c) Application in use in this Court.

**Notice**

22. Notice of this Motion shall be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the Office of the United States Attorney for the District of Delaware; (c) the Debtor's twenty largest unsecured creditors; and (d) the Debtor's principal secured parties.  As the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtor will serve copies of the Motion and any order entered respecting the Motion as required by Del. Bankr. LR 9013-1(m).  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtor requests entry of an order, in the form annexed hereto as **Exhibit C**, authorizing Kurtzman Carson Consultants LLC to act as claims and noticing agent for the maintenance and processing of claims and the distribution of notices.

Dated:  October 16, 2019

PACHULSKI STANG ZIEHL & JONES LLP

 */s/ James E. O'Neill*
Richard M. Pachulski (CA Bar No. 62337)
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Maxim B. Litvak (CA Bar No. 215852)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
Wilmington, DE 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:    rpachulski@pszjlaw.com
           jpomerantz@pszjlaw.com
           ikharasch@pszjlaw.com
           mlitvak@pszjlaw.com
           joneill@pszjlaw.com

*Proposed Counsel for the Debtor
and Debtor in Possession*