IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-12239 (CSS) |

**DECLARATION OF JEFFREY N. POMERANTZ IN SUPPORT OF APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

I, JEFFREY N. POMERANTZ, ESQUIRE, declare under penalty of perjury as follows:

1. I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZ&J"), located at 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, and have been duly admitted to practice law in the United States District Court for the Central District of California. This Declaration is submitted in support of the *Application of Debtor Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc*

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

DOCS_DE:225655.1 36027/001

*Pro Tunc to the Petition Date* (the "Application"), which is being submitted concurrently herewith.[2]

2. Neither I, PSZ&J, nor any partner, of counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtor (the "Debtor"), its creditors or any other parties in interest herein, or their respective attorneys, except as set forth below:

   a.

3. The Debtor may retain other professionals after the date hereof (the "Petition Date"). PSZ&J has previously worked and will continue to work with these referenced professionals on various representations, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests.

4. PSZ&J represents many committees whose members may be creditors in the Debtor's chapter 11 cases. However, PSZ&J is not representing any of those entities in this case and will not represent any members of the committees it currently represents in any claims that they may have collectively or individually against the Debtor.

5. PSZ&J is a "disinterested person" as that term is defined in section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") in that PSZ&J, its partners, of counsel and associates:

   a. are not creditors, equity security holders or insiders of the Debtor;

   b. are not and were not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtor; and

---

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

c.  do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

6. To the best of my knowledge, neither I, nor any partner or associate of PSZ&J, insofar as I have been able to ascertain, has any connection with the U.S. Trustee or any person employed in the office of the U.S. Trustee or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of Delaware.

7. PSZ&J received payment on behalf of the Debtor during the year prior to the Petition Date in the amount of $500,000, including the Debtor's filing fee for this case, in connection with its representation of the Debtor. PSZ&J is current as of the Petition Date, but has not yet completed a final reconciliation of its prepetition fees and expenses. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payment to PSZ&J will be credited to the Debtor and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

8. Bankruptcy Rule 2014 requires that an application for employment under section 327 disclose all connections with the Debtor, the estate, the professionals and the Office of the Trustee. PSZ&J, therefore, discloses its known connections herein.

9. PSZ&J and certain of its partners, of counsel and associates may have in the past represented, and may currently represent and likely in the future will represent, creditors of the Debtor in connection with matters unrelated to the Debtor and this case. At this time, PSZ&J is not aware of any other adverse interest or other connection with the

Debtor, its creditors, the U.S. Trustee or any party-in-interest herein in the matters upon which PSZ&J is to be retained. Upon further and continuing review of lists of all creditors and interested parties, PSZ&J will make any further disclosures as may be appropriate.

10. PSZ&J intends to apply for compensation for professional services rendered in connection with this chapter 11 case, subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J. The current standard hourly rates of PSZ&J's professionals are:

| | | |
|---|---|---|
| b. | Partners | $650.00 to $1,295.00 |
| c. | Of Counsel | $595.00 to $1,025.00 |
| d. | Associates | $495.00 to $595.00 |
| e. | Paraprofessionals | $295.00 to $395.00 |

11. The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature and are subject to periodic adjustment. These rates are set at a level designed to fairly compensate PSZ&J for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is PSZ&J's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the clients' cases. The expenses charged to clients include, among other things, conference call and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings,

4

travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZ&J will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to PSZ&J's other clients and in compliance with this Court's rules. PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

12. Pursuant to the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "2013 UST Guidelines"), the Firm makes certain disclosures herein.

13. Pursuant to Part D1 of the 2013 UST Guidelines, PSZ&J is seeking employment as counsel for the Debtor under section 327 of the Bankruptcy Code and it hereby provides the following responses set forth below:

| Questions required by Part D1 of 2013 UST Guidelines: | Answer: | Further explanation: |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | No. | N/A |
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No. | N/A |
| If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months | N/A | None. |

5

| Questions required by Part D1 of 2013 UST Guidelines: | Answer: | Further explanation: |
|---|---|---|
| prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and reasons for the difference. | | |
| Has your client approved your respective budget and staffing plan, and, if so, for what budget period? | Yes. Client has approved budget and staffing plan for approximately the first 13 weeks of the case. | In accordance with the 2013 UST Guidelines, the budget may be amended as necessary to reflect changed circumstances or unanticipated developments. |

14. No promises have been received by PSZ&J or by any partner, of counsel or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. PSZ&J has no agreement with any other entity to share with such entity any compensation received by PSZ&J in connection with this chapter 11 case, except among the partners, of counsel and associates of PSZ&J.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 29, 2019

/s/ Jeffrey N. Pomerantz
Jeffrey N. Pomerantz

DOCS_DE:225655.1 36027/001