IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 1912239 (CSS) |
| Debtor. | ) | |

**Objection Deadline: November 12, 2019, 4:00 PM (ET)**
**Hearing Date: November 19, 2019 at 12:00 PM (ET)**

**MOTION OF THE DEBTOR FOR AN ORDER AUTHORIZING THE DEBTOR TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS**

The above-captioned debtor and debtor in possession (the "Debtor") hereby submits this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtor to employ and compensate certain professionals utilized in the ordinary course of the Debtor's business. In support of this Motion, the Debtor respectfully states as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 105(a), 327, 328, and 330 of Title 11 of the United States Code (the "Bankruptcy Code").

**Background**

4. On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in this chapter 11 case.

5. A more detailed description of the business and operations of the Debtor, and the events leading to the commencement of this chapter 11 case, is provided in the *Declaration of Frank Waterhouse in Support of First Day Motions*, filed on October 16, 2019 [Docket No. 9] (the "First Day Declaration") and incorporated herein by reference.[2]

**Ordinary Course Professionals**

6. The Debtor customarily retains the services of various attorneys and accountants to represent it in matters arising in the ordinary course of its business, unrelated to

2 Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the First Day Declaration.

this case (the "Ordinary Course Professionals"). A list of the Ordinary Course Professionals utilized or expected to be utilized by the Debtor during the pendency of this case is attached hereto as **Exhibit B**.[3]

7. In contrast, the Debtor has filed, or will file, individual retention applications for any professionals that the Debtor seeks to employ in connection with the administration of this case (the "Chapter 11 Professionals"). The Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with procedures to be approved by this Court, and with the terms of the orders approving each Chapter 11 Professional's employment.

8. The Debtor anticipates employing, among others, certain of the Ordinary Course Professionals listed on **Exhibit B** to perform ongoing services during the pendency of this case. The Ordinary Course Professionals will not be involved in the administration of this case. Rather, they will provide services in connection with the Debtor's operations or services ordinarily provided by in-house counsel to a corporation. As a result, the Debtor does not believe that the Ordinary Course Professionals are "professionals" as that term is used in section 327 of the Bankruptcy Code, whose retention must be approved by this Court. *See, e.g., In re That's Entertainment Marketing Group, Inc.*, 168 B.R. 226, 230 (N.D. Cal. 1994) (only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327 of the Bankruptcy Code); *In re Madison Management. Group, Inc.,* 137 B.R. 275, 283 (Bankr. N.D. Ill. 1992) (same); *In re Sieling Assocs. Ltd. Partnership,*

[3] As discussed more fully below, the Debtor reserves the right to amend such list in the future in its sole discretion, pursuant to the procedures set forth herein.

128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (same); *In re Johns-Manville Corp.*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1989) (only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327 of the Bankruptcy Code). Nevertheless, out of an abundance of caution, the Debtor seeks an order authorizing the retention and payment of all Ordinary Course Professionals during the pendency of this case.

**Reimbursement of Professional Expenses**

9. As is customary among investment advisors, as a matter of administrative convenience, the Debtor, from time to time, pays the professional fees and expenses related to services provided to the Debtor's clients and certain subsidiaries and affiliates (such parties, the "Related Entities") by an Ordinary Course Professional. The Related Entities then reimburse the Debtor for such fees and expenses. In the ordinary course, the Debtor is generally repaid one-hundred percent (100%) of all professional fees and expenses allocable to its Related Entities. However, the timing of the reimbursement is contingent on the cash flow available to the Related Entity, and repayment may not be immediate. The Ordinary Course Professionals providing services to both the Debtor and its Related Entities rely on the Debtor's initial payment of all outstanding fees and expenses and may cease providing services if required to wait to be paid until a Related Entity had sufficient cash flow to pay its share of such amounts. It is possible, however, that a Related Entity may never achieve sufficient cash flow to repay such fees and expenses.[4]

[4] In the ordinary course of its business, the Debtor pays the professional fees of one of its Cayman service providers for itself and certain funds. The amounts advance for the funds equal approximately $60,000 per year. Although it is possible that the Debtor will get reimbursed for such amounts, such reimbursement will not occur until the funds make distributions on their partnership interests, which may not occur for a while, if at all.

10. As discussed below, the Debtor will disclose to this Court in its periodic payment summary statements, among other things, the amount of compensation paid allocable to the Debtor's Related Entities as well as the amount reimbursed by such Related Entities.

**Relief Requested**

11. By this Motion, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, the Debtor seeks entry of an order by this Court authorizing the Debtor to: (a) retain and employ the Ordinary Course Professionals on an "as needed" basis without the submission of separate, formal retention applications for each Ordinary Course Professional, (b) establish procedures to compensate the Ordinary Course Professionals under sections 328, 330, and 331 of the Bankruptcy Code for postpetition services rendered and expenses incurred; and (c) allow the Debtor to pay the professional fees and expenses related to services provided to the Debtor's Related Entities by an Ordinary Course Professional, subject to reimbursement.

**Basis For Relief**

12. The Debtor cannot continue to operate its business as a debtor in possession unless it retains and pays for the services of the Ordinary Course Professionals listed on **Exhibit B**. The work of the Ordinary Course Professionals, albeit ordinary course, is directly related to the preservation of the value of the Debtor's estate, even though the amount of fees and expenses incurred by the Ordinary Course Professionals represents only a small fraction of that value.

13. The operation of the Debtor's business would be hindered if the Ordinary Course Professionals were delayed in performing their work on behalf of the Debtor while the

Debtor: (a) submitted to this Court an application, affidavit, and proposed retention order for each Ordinary Course Professional, (b) waited until such order was approved before such Ordinary Course Professional continued to render services and (c) withheld payment of the normal fees and expenses of the Ordinary Course Professionals until they complied with the compensation procedures applicable to Chapter 11 Professionals. Further, the revenues generated by the Debtor's Related Entities are one of the Debtor's primary sources of revenue,[5] and if there is a delay or break in services provided to such Related Entities, it may severely impact the Debtor's ability to generate the revenue needed to maintain its estate and pay creditors.

14. Further, a number of Ordinary Course Professionals may be unfamiliar with the fee application procedures employed in bankruptcy cases. Some Ordinary Course Professionals might be unwilling or unable to assume the administrative and cost burden of such procedures, and may therefore be unwilling to work with the Debtor if these requirements are imposed, forcing the Debtor to incur additional and unnecessary expenses to retain other professionals without such background and expertise, and at potentially higher rates. The uninterrupted services of the Ordinary Course Professionals are vital to the Debtor's ongoing operations and its ultimate ability to pursue an orderly restructuring. More importantly, the cost of preparing and prosecuting these retention applications and fee applications would be significant and such costs would be borne by the Debtor's estate.

---

[5] *See Precautionary Motion of the Debtor for Order Approving Protocols of the Debtor to Implement Certain Transactions in the Ordinary Course of Business*, as filed concurrently with this Motion.

15. Moreover, a requirement that the Ordinary Course Professionals each file retention pleadings and follow the usual fee application process required of the Chapter 11 Professionals would unnecessarily burden the Clerk's office, this Court, and the U.S. Trustee's office with unnecessary fee applications while significantly adding to the administrative costs of this case without any corresponding benefit to the Debtor's estate. This Motion proposes a procedure to alleviate such a burden.

16. Although certain Ordinary Course Professionals may hold unsecured claims against the Debtor in respect of prepetition services rendered, the Debtor does not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtor, its estate, its creditors, or other parties in interest, and thus none would be retained who do not meet, if applicable, the special counsel retention requirement of section 327(e) of the Bankruptcy Code. By this Motion, the Debtor is not requesting authority to pay prepetition amounts owed to any Ordinary Course Professional.

**Proposed Retention Procedure**

17. The Debtor proposes that it be permitted to continue to employ and retain the Ordinary Course Professionals. Pursuant to the requirement imposed by Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and in order to provide interested parties and this Court with appropriate disclosures, each Ordinary Course Professional will be required to file with this Court, and to serve upon: (a) counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: James E. O'Neill, Esq.; (b) the Office of the United States Trustee, 844 King Street, Suite 2207

Lockbox 35, Wilmington, DE 19801; and (c) counsel to any official committee of unsecured creditors appointed in this case (collectively, the "Notice Parties"), a disclosure declaration of such proposed professional (the "Declaration") in the form attached hereto as **Exhibit C** on the later of: (i) thirty (30) days after entry of an order of this Court granting the Motion; or (ii) prior to the date such Ordinary Course Professional is compensated for services to the Debtor. Such Declaration shall set forth the following information: (a) a description of the effort(s) that were taken to search for connections with parties in interest; (b) a description of the proposed scope of services to be provided by the Ordinary Course Professional; (c) the rate(s) proposed to be charged for the services; (d) all information otherwise required to be disclosed pursuant to Bankruptcy Rule 2014; and (e) to the extent that the Ordinary Course Professional was not providing services as of the Petition Date, the date on which such services began postpetition. The Debtor will not make any payments to any Ordinary Course Professionals who have failed to file such an Affidavit.

18. The Debtor further requests that the Notice Parties have ten (10) days from the date of the filing and service of the Declaration (the "Objection Period") to object to the retention of the Ordinary Course Professional in question. Any such objection must be timely filed with this Court and served upon the Ordinary Course Professional, the Debtor, and the Notice Parties. If an objection is filed and cannot be resolved and/or withdrawn within twenty (20) days after service of such objection, this Court shall adjudicate the matter at a hearing scheduled by the Debtor at a mutually convenient time.[6] If no timely objection is filed and

---

[6] If, after a hearing, the retention of an Ordinary Course Professional is not approved, such professional may still apply to this Court, pursuant to sections 330 and 331 of the Bankruptcy Code, for compensation for all work

received, or if an objection is withdrawn, the Debtor will be authorized to retain the Ordinary Course Professional on a final basis without further order of this Court.

19. The Debtor requests that it be authorized to employ and retain additional Ordinary Course Professionals not currently listed on **Exhibit B** hereto, from time to time as necessary, without the need to file individual retention applications or have a further hearing, by filing with this Court one or more supplements to **Exhibit B** (a "Supplemental Notice") and serving a copy of the Supplemental Notice upon the Notice Parties. The Debtor proposes that, as with the Ordinary Course Professionals set forth on **Exhibit B**, each additional Ordinary Course Professional be required to file and serve upon the Court and the Notice Parties an Declaration by the later of: (a) thirty (30) days after the Supplemental Notice is filed; or (b) prior to the date such Ordinary Course Professional provides any services to the Debtor. The Notice Parties then would be given ten (10) days after service of each required Declaration to object to the retention of such professional. Any objection will be handled pursuant to the procedures discussed above. If no objection is submitted, or the objection is withdrawn, the Debtor will be authorized to retain the professional as an Ordinary Course Professional on a final basis without further order of this Court.

**Proposed Payment Procedure**

20. The Debtor seeks authority to pay, without formal application to and order from this Court, one hundred percent (100%) of the fees and expenses of each Ordinary Course Professional, including any such amounts allocable to Related Entities, upon submission to, and

---

performed on behalf of the Debtor from the Petition Date through the date of an order denying such retention.

approval by, the Debtor or, to the extent applicable, the Debtor's Related Entity of an appropriate billing statement setting forth in reasonable detail the nature of the postpetition services rendered and expenses actually incurred; *provided, however*, that such fees and expenses do not exceed the maximum authority under the authorized caps established herein. Further, the Debtor will not pay any fees or expenses to an Ordinary Course Professional unless: (a) the professional has filed its Affidavit, (b) the Objection Period has expired, and (c) no timely objection is pending, or if a timely objection is received, no payment will be made until such objection is: (x) resolved and withdrawn or (y) otherwise overruled by the Court.

**A. <u>Monthly Payment Caps Proposed by the Debtor</u>**

21. The Debtor proposes that it be permitted to pay fees and expenses of an Ordinary Course Professional, without formal application to this Court by any one Ordinary Course Professional, provided, however, that the fees and disbursements for any one Ordinary Course Professional shall not exceed a total of $35,000 per month on average over a rolling four-month period, unless otherwise authorized by this Court.

22. If fees and disbursements for any one Ordinary Course Professional exceeds a total of $35,000 per month on average over a rolling four-month period, such Ordinary Course Professional shall be required to apply for approval by the Court of such excess Ordinary Course Professional's fees and expenses for such month under sections 330 and 331 of the Bankruptcy Code, but may otherwise be paid for amounts incurred in accordance with the relief granted herein.

23. The Debtor proposes to except from such monthly limitations any contingent fee amounts received by Ordinary Course Professionals from recoveries realized on the Debtor's behalf. In other words, the limitations would apply only to direct disbursements by the Debtor.

24. As a routine matter prior to the commencement of this case, the Debtor carefully reviewed all billing statements received from the Ordinary Course Professionals to ensure that the fees charged were reasonable and that the expenses incurred were necessary. This type of review will continue postpetition and, coupled with the proposed monthly payment caps, will protect the Debtor's estate against excessive and improper billings.

**B. Periodic Statements of Payments Made**

25. The Debtor further proposes to file a payment summary statement with this Court not more than thirty (30) days after the last day of March, June, September, and December of each year this case is pending, or such other period as this Court directs, and to serve such statement upon the Notice Parties. The summary statement will include the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; (c) the aggregate amounts of compensation and expenses allocable to Related Entities and any such amounts reimbursed by such Related Entities; and (d) a brief statement of the type of services rendered.

**Authority for the Requested Relief**

26. Numerous courts, including courts in this District, have routinely granted the same or similar relief to chapter 11 debtors in other chapter 11 cases. *See, e.g., In re Fuse, LLC*, 19-10872 (KG) (Bankr. D. Del. June 5, 2019); *In re True Religion Apparel, Inc.* Case No. 17-11460 (CSS) (Bankr. D. Del. July 31, 2017); *In re General Wireless Operations Inc.*, Case No. 17-10506 (BLS) (Bankr. D. Del. Mar. 8, 2017); *In re Bonanza Creek Energy, Inc.*, Case No. 17-10015 (BLS) (Bankr. D. Del. Jan. 4, 2017); *In re Mineral Park, Inc.,* Case No. 14-11996 (KJC) (Bankr. D. Del. Sept. 23, 2014); *In re GSE Environmental,* Case No. 14-11126 (MFW) (Bankr. D. Del. June 3, 2014).

27. The Debtor and its estate will be well served by authorizing the retention of the Ordinary Course Professionals because of such professionals' past relationship with, and understanding of, the Debtor and its operations and pending matters. It is in the best interest of all of the parties and the creditors to avoid any disruption in the professional services rendered by the Ordinary Course Professionals in the day-to-day operations of the Debtor's business.

**Notice**

28. Notice of this Motion shall be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the Office of the United States Attorney for the District of Delaware; (c) the Debtor's principal secured parties; (d) counsel to any statutory committee appointed in the case; and (e) parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

29. No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully request that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as this Court deems appropriate.

Dated: October 29, 2019

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Richard M. Pachulski (CA Bar No. 62337)
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Maxim B. Litvak (CA Bar No. 215852)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
Wilmington, DE 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: rpachulski@pszjlaw.com
jpomerantz@pszjlaw.com
ikharasch@pcszjlaw.com
mlitvak@pszjlaw.com
joneill@pszjlaw.com

*Proposed Counsel for the Debtor and Debtor in Possession*