UNITED STATES BANKRUPTCY COURT
DISTRICT OF

In re: Highland Capital Management, LP
Debtor

Case No.

## INITIAL MONTHLY OPERATING REPORT

File report and attachments with Court and submit copy to United States Trustee within 15 days after order for relief.

Certificates of insurance must name United States Trustee as a party to be notified in the event of policy cancellation. Bank accounts and checks must bear the name of the debtor, the case number, and the designation "Debtor in Possession." Examples of acceptable evidence of Debtor in Possession Bank accounts include voided checks, copy of bank deposit agreement/certificate of authority, signature card, and/or corporate checking resolution.

| REQUIRED DOCUMENTS | Document Attached | Explanation Attached |
|---|---|---|
| 12-Month Cash Flow Projection (Form IR-1) | See attached | |
| Certificates of Insurance: | | |
| Workers Compensation | See attached | |
| Property | See attached | |
| General Liability | See attached | |
| Vehicle | See attached | |
| Other: Self-Insured Medical/Dental; Employers and Professional Liability | See attached | See attached |
| Identify areas of self-insurance w/liability caps | See attached | See attached |
| Evidence of Debtor in Possession Bank Accounts | | |
| Tax Escrow Account | NA | |
| General Operating Account | In Process at East West Bank | |
| Money Market Account pursuant to Local Rule 4001-3 for the District of Delaware only. Refer to: http://www.deb.uscourts.gov/ | NA | |
| Other: Professional Fees Account/Insurance Account | In Process at East West Bank | |
| Retainers Paid (Form IR-2) | See attached | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the documents attached are true and correct to the best of my knowledge and belief.

_____      10/31/19
Signature of Debtor              Date

Signature of Joint Debtor

_____      10/31/19
Signature of Authorized Individual*    Date

Frank Waterhouse              CFO
Printed Name of Authorized Individual   Title of Authorized Individual

*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor is a partnership; a manager or member if debtor is a limited liability company.

FORM IR (4/07)

**Highland Capital Management, L.P. - Cash Forecast**
Next 13 Weeks Commencing October 16, 2019
*(in thousands)*

| | Actual[1] | Actual | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week beginning | 10/16 | 10/21 | 10/28 | 11/4 | 11/11 | 11/18 | 11/25 | 12/2 | 12/9 | 12/16 | 12/23 | 12/30 | 1/6 | | 13 Weeks |
| Beginning unrestricted operating cash | $ 2,126 | $ 2,126 | $ 2,178 | $ 2,775 | $ 4,182 | $ 2,815 | $ 2,317 | $ 1,030 | $ 1,847 | $ 2,841 | $ 1,069 | $ 1,693 | $ 476 | $ 709 | $ 2,126 |
| **Operating Receipts** | | | | | | | | | | | | | | | |
| Management fees and other related receipts | - | 14 | 1,705 | 1,967 | - | 1,849 | 27 | 1,487 | - | - | - | 1,155 | 633 | | 8,836 |
| **Compensation and benefits** | | | | | | | | | | | | | | | |
| Payroll, benefits, and taxes + exp reimb[1] | - | (7) | (663) | - | (633) | - | (633) | - | (631) | - | - | (631) | - | | (3,198) |
| Severance payments | - | - | - | - | - | - | - | - | - | - | - | - | - | | - |
| Cash bonus awards (including deferred) | - | - | - | - | - | - | - | - | - | - | - | - | - | | - |
| Total compensation and benefits | $ - | $ (7) | $ (663) | $ - | $ (633) | $ - | $ (633) | $ - | $ (631) | $ - | $ - | $ (631) | $ - | $ | $ (3,198) |
| **General overhead** | | | | | | | | | | | | | | | |
| Outside legal (ordinary course) | - | - | - | (75) | - | - | (75) | - | - | - | (75) | - | - | | (225) |
| General overhead - critical vendors (pre-petition) | - | - | (5) | (25) | (25) | (25) | (25) | (20) | (20) | (20) | (20) | (20) | (25) | | (230) |
| General overhead - post-petition vendors | - | (10) | (428) | (359) | (209) | (209) | (209) | (250) | (250) | (250) | (250) | (250) | (234) | | (2,913) |
| Employer service fees | - | (24) | (11) | - | - | (35) | - | - | - | (33) | - | - | - | | (106) |
| Interest payments and financing costs | - | - | - | - | - | - | - | - | - | - | - | - | - | | - |
| Total general overhead | $ - | $ (34) | $ (444) | $ (459) | $ (234) | $ (270) | $ (309) | $ (270) | $ (270) | $ (306) | $ (345) | $ (270) | $ (259) | $ | $ (3,473) |
| Net change in cash due to operating activity | - | (27) | 597 | 1,508 | (868) | 1,579 | (916) | 1,217 | (901) | (306) | (345) | 254 | 374 | | 2,165 |
| **Reorg related[2] – payments to professionals for reserve acct** | | | | | | | | | | | | | | | |
| Debtor bankruptcy counsel | - | - | - | - | - | (1,615) | (269) | (269) | (269) | (269) | (269) | (269) | (269) | | (3,599) |
| Debtor FA/CRO | - | - | - | - | - | (300) | (50) | (50) | (50) | (50) | (50) | (50) | (50) | | (650) |
| Compensation consultant | - | - | - | - | - | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) | | (128) |
| Committee counsel | - | - | - | - | - | (75) | (18) | (18) | (18) | (18) | (18) | (18) | (18) | | (200) |
| Committee FA | - | - | - | - | - | (75) | (18) | (18) | (18) | (18) | (18) | (18) | (18) | | (200) |
| US Trustee | - | - | - | - | - | - | - | - | - | - | - | (250) | - | | (250) |
| Total reorg related | $ - | $ - | $ - | $ - | $ - | $ (2,077) | $ (372) | $ (372) | $ (372) | $ (372) | $ (372) | $ (622) | $ (372) | $ | $ (4,928) |
| Net change in cash from ops + reorg costs | - | (27) | 597 | 1,508 | (868) | (498) | (1,287) | 845 | (1,273) | (677) | (717) | (368) | 2 | | (2,763) |
| **Investing cash flows (principal only on notes)** | | | | | | | | | | | | | | | |
| Advances prime bankruptcy (security sales), net | - | - | - | - | - | 1,250 | - | 1,667 | - | 1,301 | - | - | - | | 3,618 |
| Select Equity Fund equity redemptions | - | - | - | - | - | (1,550) | - | - | - | - | - | - | - | | (1,659) |
| Third party fund capital call obligations | - | - | - | - | - | 400 | - | - | - | - | - | - | - | | 479 |
| Third party fund actual/expected distributions | - | 79 | - | - | - | - | - | - | - | - | - | - | - | | |
| Highland Capital Management Korea | - | - | - | - | - | - | - | - | - | - | - | - | - | | |
| Multi Strategy Credit Fund | - | - | - | - | (500) | - | - | (500) | - | - | - | (500) | (500) | | (2,000) |
| Highland Capital Management Latin America | - | - | - | (100) | - | - | - | (100) | - | - | - | (100) | - | | (300) |
| Proceeds from outstanding notes | - | - | - | - | - | - | - | - | - | - | - | 701 | - | | 701 |
| Proceeds from other investments (non-PE) | - | - | - | - | - | - | - | - | - | - | - | - | - | | |
| Net change in cash due to investing activities | - | 79 | - | (100) | (500) | - | - | 967 | - | 1,301 | - | 601 | (500) | | 848 |
| **Financing cash flows** | | | | | | | | | | | | | | | |
| Required equity distributions | - | - | - | - | - | - | - | - | - | - | - | - | - | | - |
| Equity contributions | - | - | - | - | - | - | - | - | - | - | - | - | - | | - |
| Existing debt paydowns | - | - | - | - | - | - | - | - | - | - | - | - | - | | - |
| Net change in cash due to financing activities | - | - | - | - | - | - | - | - | - | - | - | - | - | | - |
| Ending unrestricted operating cash[3] | $ 2,126 | $ 2,178 | $ 2,775 | $ 4,182 | $ 2,815 | $ 2,317 | $ 1,030 | $ 2,841 | $ 1,069 | $ 1,693 | $ 476 | $ 709 | $ 211 | $ | $ 211 |
| **Professional fees escrow account[3]** | | | | | | | | | | | | | | | |
| Re-org related professional fees escrow beginning balance | $ - | $ - | $ - | $ - | $ - | $ - | $ 2,077 | $ 2,449 | $ 2,449 | $ 3,192 | $ 3,192 | $ 1,528 | $ 1,900 | $ 2,271 | $ - |
| Inflows from operating account | - | - | - | - | - | 2,077 | 372 | 372 | 372 | 372 | 372 | 372 | 372 | 372 | 4,923 |
| **Payments to professionals:** | | | | | | | | | | | | | | | |
| Debtor bankruptcy counsel | - | - | - | - | - | - | - | - | - | (1,509) | - | - | - | | (1,509) |
| Debtor FA/CRO | - | - | - | - | - | - | - | - | - | (350) | - | - | - | | (350) |
| Compensation consultant | - | - | - | - | - | - | - | - | - | (32) | - | - | - | | (32) |
| Committee counsel | - | - | - | - | - | - | - | - | - | (73) | - | - | - | | (73) |
| Committee FA | - | - | - | - | - | - | - | - | - | (73) | - | - | - | | (73) |
| US Trustee | - | - | - | - | - | - | - | - | - | - | - | (250) | - | | (250) |
| Total outflows to professionals | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ (2,035) | $ - | $ (250) | $ - | $ | $ (2,285) |
| Re-org related professional fees escrow ending balance | $ - | $ - | $ - | $ - | $ - | $ - | $ 2,077 | $ 2,449 | $ 2,820 | $ 3,192 | $ 1,528 | $ 1,900 | $ 2,271 | $ 2,643 | $ 2,643 |

(1) Beginning unrestricted operating cash represents the bank cash balance of the Debtor's operating account as of the Petition Date.
(2) Benefit amount includes monthly health insurance premiums that are paid from the operating account. Within the insurance account monthly premiums are reserved and are used to pay claims and administrative expenses of the self-insurance plan.
(3) Forecast assumes that amounts are funded from the operating account to the professional fees escrow account weekly, then the professional fees escrow account is used to pay reorg related vendors 50% of estimated fees beginning in December 2019, except for the Debtor FA/CRO, which is paid 100%.

**ACORD**

# CERTIFICATE OF LIABILITY INSURANCE

Page 1 of 1

DATE (MM/DD/YYYY): 10/24/2019

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: |
|---|---|
| Willis of Texas, Inc.<br>c/o 26 Century Blvd<br>P.O. Box 305191<br>Nashville, TN 372305191 USA | PHONE (A/C, No, Ext): 1-877-945-7378   FAX (A/C, No): 1-888-467-2378<br>E-MAIL ADDRESS: certificates@willis.com |

| | INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|---|
| | INSURER A: Great Northern Insurance Company | 20303 |
| INSURED<br>Highland Capital Management, L.P.<br>300 Crescent Court<br>Suite 700<br>Dallas, TX 75201 | INSURER B: Federal Insurance Company | 20281 |
| | INSURER C: Chubb National Insurance Company | 10052 |
| | INSURER D: | |
| | INSURER E: | |
| | INSURER F: | |

## COVERAGES        CERTIFICATE NUMBER: W13496935        REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | X COMMERCIAL GENERAL LIABILITY<br>    CLAIMS-MADE  X OCCUR | | | 3592-17-94 | 07/29/2019 | 07/29/2020 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $1,000,000 |
| | | | | | | | MED EXP (Any one person) | $10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER:<br>POLICY X PRO-JECT X LOC<br>OTHER: | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | | | | | | | | $ |
| A | AUTOMOBILE LIABILITY<br>X ANY AUTO<br>OWNED AUTOS ONLY / SCHEDULED AUTOS<br>HIRED AUTOS ONLY / NON-OWNED AUTOS ONLY | | | 7358-99-26 | 07/29/2019 | 07/29/2020 | COMBINED SINGLE LIMIT (Ea accident) | $1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| B | X UMBRELLA LIAB   X OCCUR<br>  EXCESS LIAB      CLAIMS-MADE<br>DED  X RETENTION $ 0 | | | 7986-78-84 | 07/29/2019 | 07/29/2020 | EACH OCCURRENCE | $20,000,000 |
| | | | | | | | AGGREGATE | $20,000,000 |
| | | | | | | | | $ |
| C | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? [No] (Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | Y/N | N/A | (20) 7174-63-12 | 07/29/2019 | 07/29/2020 | X PER STATUTE / OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $1,000,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Office of The United States Trustee<br>844 King Street, Suite 2207<br>Lockbox 35<br>Wilmington, DE 19801 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.<br><br>AUTHORIZED REPRESENTATIVE |

© 1988-2016 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)        The ACORD name and logo are registered marks of ACORD

SR ID: 18720730        BATCH: 1425032

# ACORD® EVIDENCE OF COMMERCIAL PROPERTY INSURANCE

DATE (MM/DD/YYYY): 10/24/2019

THIS EVIDENCE OF COMMERCIAL PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST.

**PRODUCER NAME, CONTACT PERSON AND ADDRESS**
Willis of Texas, Inc.
c/o 26 Century Blvd
P.O. Box 305191
Nashville, TN  372305191  USA

**PHONE (A/C, No, Ext):** 1-877-945-7378
**FAX (A/C, No):** 1-888-467-2378
**E-MAIL ADDRESS:** certificates@willis.com

**CODE:**   **SUB CODE:**
**AGENCY CUSTOMER ID #:**

**COMPANY NAME AND ADDRESS**    **NAIC NO:** 20303
Great Northern Insurance Company
15 Mountain View Road
Warren, NJ  07059

IF MULTIPLE COMPANIES, COMPLETE SEPARATE FORM FOR EACH

**POLICY TYPE:** Commercial Property

**NAMED INSURED AND ADDRESS**
Highland Capital Management, L.P.
300 Crescent Court
Suite 700
Dallas, TX  75201

**LOAN NUMBER:**
**POLICY NUMBER:** 3592-17-94
**EFFECTIVE DATE:** 07/29/2019
**EXPIRATION DATE:** 07/29/2020
CONTINUED UNTIL TERMINATED IF CHECKED

**ADDITIONAL NAMED INSURED(S)**
**THIS REPLACES PRIOR EVIDENCE DATED:**

## PROPERTY INFORMATION (ACORD 101 may be attached if more space is required)  ☐ BUILDING OR ☒ BUSINESS PERSONAL PROPERTY

**LOCATION / DESCRIPTION**

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

## COVERAGE INFORMATION   PERILS INSURED: ☐ BASIC   ☐ BROAD   ☒ SPECIAL

COMMERCIAL PROPERTY COVERAGE AMOUNT OF INSURANCE: $ 9,062,000   DED: 2,500

| | YES | NO | N/A | | |
|---|---|---|---|---|---|
| ☒ BUSINESS INCOME  ☒ RENTAL VALUE | X | | | IF YES, LIMIT: 1,227,500. | ☒ Actual Loss Sustained; # of months: |
| BLANKET COVERAGE | X | | | IF YES, indicate value(s) reported on property identified above: $ | |
| TERRORISM COVERAGE | X | | | Attach Disclosure Notice / DEC | |
| IS THERE A TERRORISM-SPECIFIC EXCLUSION? | | | X | | |
| IS DOMESTIC TERRORISM EXCLUDED? | | X | | | |
| LIMITED FUNGUS COVERAGE | | | X | IF YES, LIMIT: | DED: |
| FUNGUS EXCLUSION (If "YES", specify organization's form used) | | X | | | |
| REPLACEMENT COST | X | | | | |
| AGREED VALUE | | X | | | |
| COINSURANCE | | | X | IF YES,  % | |
| EQUIPMENT BREAKDOWN (If Applicable) | X | | | IF YES, LIMIT: Included | DED: 2,500 |
| ORDINANCE OR LAW - Coverage for loss to undamaged portion of bldg | | | X | IF YES, LIMIT: | DED: |
| - Demolition Costs | | | X | IF YES, LIMIT: | DED: |
| - Incr. Cost of Construction | | | X | IF YES, LIMIT: | DED: |
| EARTH MOVEMENT (If Applicable) | | X | | IF YES, LIMIT: | DED: |
| FLOOD (If Applicable) | X | | | IF YES, LIMIT: 1,000,000 | DED: 25,000 |
| WIND / HAIL INCL  ☒ YES ☐ NO  Subject to Different Provisions: | X | | | IF YES, LIMIT: Included | DED: 50,000 |
| NAMED STORM INCL  ☐ YES ☒ NO  Subject to Different Provisions: | | X | | IF YES, LIMIT: | DED: |
| PERMISSION TO WAIVE SUBROGATION IN FAVOR OF MORTGAGE HOLDER PRIOR TO LOSS | | X | | | |

## CANCELLATION

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

## ADDITIONAL INTEREST

☐ CONTRACT OF SALE   ☐ LENDER'S LOSS PAYABLE   ☐ LOSS PAYEE
☐ MORTGAGEE

**NAME AND ADDRESS**
Office of The United States Trustee
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801

**LENDER SERVICING AGENT NAME AND ADDRESS**

**AUTHORIZED REPRESENTATIVE**
/s/

© 2003-2015 ACORD CORPORATION. All rights reserved.

ACORD 28 (2016/03)   The ACORD name and logo are registered marks of ACORD

SR ID: 18720730   BATCH: 1425032   CERT: W13496936

AGENCY CUSTOMER ID: _____
LOC #: _____

# ADDITIONAL REMARKS SCHEDULE

Page 2 of 2

| AGENCY | NAMED INSURED |
|---|---|
| Willis of Texas, Inc. | Highland Capital Management, L.P.<br>300 Crescent Court<br>Suite 700<br>Dallas, TX 75201 |
| **POLICY NUMBER**<br>See Page 1 | |
| **CARRIER**<br>See Page 1 | **NAIC CODE**<br>See Page 1 | **EFFECTIVE DATE:** See Page 1 |

**ADDITIONAL REMARKS**

THIS ADDITIONAL REMARKS FORM IS A SCHEDULE TO ACORD FORM,
FORM NUMBER: __28__  FORM TITLE: Evidence of Commercial Property

Building Limit for 8355 Gaylord Pkwy, Frisco, TX: $3,000,000

Covered Locations:
300 Crescent CT., Ste. 700, Dallas, TX 75201
8355 Gaylord Pkwy., Frisco, TX 75034
7 Times SQ., Ste. 4304 (43rd Floor), New York, NY 10036
3409 Rosedale Ave., Dallas, TX 75205



Initial Monthly Report

Highland Capital Management, LP ("Debtor")

Other Insurance/Self-Insurance Coverages

Self-Insurance:

The Debtor and twelve of its affiliates ("The Group") participate in a self-insured medical and dental insurance program, which is administered by BlueCross BlueShield. The Group is responsible for paying insurance claims as incurred unless a stop-loss limit is reached. Stop loss limits are $100k per individual and $5.2M for the plan as a whole.

Employers and Professional Liability:

The Debtor holds Employers and Professional Liability coverage through an affiliate, Governance Re, Ltd., an insurance captive. The captive is owned by an affiliate, Highland Capital Management Services, Inc., which is majority owned by James Dondero. The annual premium on the policy is $300k and there is a $10M limit of liability.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-12239 (CSS) |
| | ) |
| Debtor. | ) Related to Docket No. 5 |

**INTERIM ORDER AUTHORIZING (A) CONTINUANCE OF
EXISTING CASH MANAGEMENT SYSTEM, (B) CONTINUED USE OF THE PRIME
ACCOUNT, (C) LIMITED WAIVER OF SECTION 345(b) DEPOSIT AND INVESTMENT
REQUIREMENTS, AND (D) GRANTING RELATED RELIEF**

Upon consideration of the *Motion of Debtor for Interim and Final Orders Authorizing (A) Continuance of Existing Cash Management System, (B) Continued Use of the Prime Account, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case; and this Court finding that (a) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (c) due and adequate notice of the Motion was given under the circumstances; and after due deliberation and cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on an interim basis as set forth herein.

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

DOCS_NY:39652.15

2. The Debtor is authorized to continue operating the Cash Management System as described in the Motion and in a manner consistent with the Debtor's prepetition practices and this Order.

3. The Debtor is authorized, but not directed, in the reasonable exercise of its business judgment, to: (a) designate, maintain and continue to use, with the same account numbers, the Bank Accounts and the Prime Account in existence as of the Petition Date; (b) treat the Bank Accounts and the Prime Account for all purposes as debtor in possession accounts; and (c) use all existing Business Forms without reference to the Debtor's status as "debtor in possession" until such supply is depleted, after which the Debtor will use new Business Forms with the "debtor in possession" reference and the corresponding bankruptcy case number; provided that, with respect to checks which the Debtor or its agents print themselves, the Debtor shall begin printing the "Debtor in Possession" legend and the bankruptcy case number on such items within ten (10) days of the date of entry of this Order.

4. The Banks – NexBank, SSB, and BBVA USA – are authorized to continue to service and administer the Bank Accounts as debtor in possession accounts without interruption and in the usual and ordinary course of business, and to receive, process, honor, and pay any and all checks and drafts drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; *provided, however*, that any check that the Debtor advises to have been drawn or issued by the Debtor before the Petition Date may be honored only if specifically authorized by order of this Court.

DOCS_NY:39652.15

5. Except as modified by this Order, the Debtor's existing agreements with the Banks and with respect to the transfers to and from the Bank Accounts shall continue to govern the postpetition cash management relationship between the Debtor and the Banks. In the course of providing cash management services to the Debtor, the Banks are authorized, without further order of this Court, to continue to deduct from the appropriate accounts of the Debtor, their routine and ordinary course fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtor.

6. The Debtor shall maintain detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Cash Management System. In connection with the ongoing utilization of its Cash Management System, the Debtor shall continue to maintain accurate and detailed records in the ordinary course of business with respect to all transfers including intercompany transfers so that all transactions may be readily ascertained, traced and recorded properly on the applicable accounts and distinguished between prepetition and postpetition transactions.

7. Nothing contained herein shall prevent the Debtor from closing any Accounts as they may deem necessary, and any relevant Bank is authorized to honor the Debtor's request to close such Accounts, and the Debtor shall give notice of the closure of any Accounts to the U.S. Trustee and to any statutory committee appointed in this case.

8. The Debtor is authorized to open new bank accounts; provided, however, that all accounts opened by the Debtor on or after the Petition Date at any bank shall, for purposes of this Order, be deemed a Bank Account as if it had been listed in the Motion; provided, further,

that (a) any such new bank account shall be opened at a bank that has executed a Uniform Depository Agreement with the U.S. Trustee for the District of Delaware, or at a bank that is willing to immediately execute such an agreement, (b) any such new bank account shall be designated as a "debtor in possession" account by the relevant bank, and (c) such opening shall be timely indicated on the Debtor's monthly operating report and notice of such opening shall be provided within 14 days to the U.S. Trustee and counsel to any statutory committee appointed in this chapter 11 case.

9. The Debtor is authorized to make the Intercompany Transactions consistent with the Motion and this Order; provided, however, that Intercompany Transactions shall not exceed $1,700,000.00 on an interim basis absent further Order of the Court.

10. The Debtor is authorized to continue using the Prime Account as described in the Motion and in a manner consistent with the Debtor's prepetition practices and this Order; provided, however that the Debtor does not intend to borrow any additional amounts on margin, absent further order of this Court.

11. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

12. Nothing herein shall, or is intended to, (i) create any rights in favor of or enhance the status of any claim held by any party or (ii) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

13. The Debtor is granted a 30 day extension of time to comply with the investment and deposit requirements of section 345 of the Bankruptcy Code, which extension is

without prejudice to the Debtor's ability to seek a further extension or final waiver of those requirements. For banks at which the Debtor holds accounts that are party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, within fifteen (15) days from the date of entry of this Order the Debtor shall (a) contact each bank, (b) provide the bank with the Debtor's employer identification numbers, and (c) identify each of the accounts held at such banks as being held by a debtor in possession. For banks that are not party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, the Debtor shall use its good faith efforts to cause the bank to execute a Uniform Depository agreement in a form prescribed by the Office of the United States Trustee within thirty (30) days of the date of entry of this Order.

14. The notice requirements under Bankruptcy Rule 6004(a) and the stay under Bankruptcy Rule 6004(h) are hereby waived, to the extent that they apply.

15. This Order shall be served promptly by the Debtor on the Banks and all parties in interest who were served by the Motion and all other parties who file a request for notice under Bankruptcy Rule 2002.

16. The final hearing (the "Final Hearing") on the Motion shall be held on November 19, 2019, at 2:00 p.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on November 12, 2019, and shall be served on: (a) proposed counsel for the Debtor, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: James E. O'Neill, Esq.; (b) counsel to any statutory committee appointed in this case; and (c) the Office of

The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

17. This Court shall retain jurisdiction to hear and determine all matters arising from the enforcement, implementation, or interpretation of this Order.

Dated: __10/18__, 2019

_____
Honorable Christopher S. Sontchi
United States Bankruptcy Judge

Schedule of Retainers Paid to Professionals

| Payee | Check Date | Check Number | Name of Payor | Amount | Amount Applied to Date | Balance | Balance As of Date |
|---|---|---|---|---|---|---|---|
| Development Specialists, Inc. | 10/7/2019 | Wire | Highland Capital Management, LP | $ 250,000.00 | $ 9,660 | $ 240,340 | 10/16/2019 |
| Pachulski Stang Ziehl & Jones LLP | 10/2/2019 | Wire | Highland Capital Management, LP | $ 500,000.00 | TBD | TBD | 10/16/2019 |
| Kurtzman Carson Consultants LLC | 10/7/2019 | Wire | Highland Capital Management, LP | $ 50,000.00 | TBD | TBD | 10/16/2019 |