**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| HIGHLAND CAPITAL MANAGEMENT, ) | Case No. 19-12239 (CSS) |
| L.P.,[1] ) | |
| Debtor. ) | **Hearing Date: Nov. 19, 2019, at 12:00 p.m. (ET)** |
| ) | **Obj. Deadline: Nov. 12, 2019, at 4:00 p.m. (ET)** |
| ) | **Docket Ref. No. 3** |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION OF DEBTOR FOR ENTRY OF INTERIM AND FINAL ORDERS (A) AUTHORIZING DEBTOR TO PAY PREPETITION CLAIMS OF CRITICAL VENDORS AND (B) GRANTING RELATED RELIEF**

The official committee of unsecured creditors (the "Committee") of Highland Capital Management, L.P. (the "Debtor" or "Highland"), hereby submits this limited objection (this "Limited Objection") to the *Motion of Debtor for Entry of Interim and Final Orders (A) Authorizing Debtor to Pay Prepetition Claims of Critical Vendors and (B) Granting Related Relief* (the "Motion") [Docket No. 3].[2] In support of this Objection, the Committee respectfully states as follows:

**INTRODUCTION**

1. The Committee was formed two weeks ago, on October 29, 2019,[3] and is in the process of gathering information and familiarizing itself with the Debtor's opaque and complex

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief commencing this chapter 11 case, and the United States Trustee appointed the Committee nearly two weeks later on October 29, 2019 [Docket No. 65]. The Committee moved quickly following its appointment to bring in Sidley Austin LLP ("Sidley") as its proposed counsel on October 30, 2019 and FTI Consulting Inc. ("FTI") as its proposed financial advisor on November 6, 2019. Sidley and FTI quickly engaged the Debtor's advisors to get up to speed on this chapter 11 case, but there has not yet been sufficient time for the Committee to even familiarize itself with the Debtor's prepetition transactions.

organizational structure, business operations, and assets under management. Importantly, the Committee has requested relevant information, but has not yet been able to fully familiarize itself with the Debtor's business operations and web of contractual relationships. Without the benefit of an understanding of the Debtor's normal course of business and complex relationships with related entities, the Committee feels compelled to object to the Motion. One of the Committee's chief concerns is the use of the Debtor's assets to benefit non-debtor entities at the expense of the Debtor and its estate.

2. The Committee believes that the Debtor contracts with third party Critical Vendors for the provision of goods and services that are crucial to the Debtor's business operations. The Committee also fully understands that such Critical Vendors may be so difficult to replace within a reasonable time that the payment of prepetition claims is warranted in order to avoid a disruption of the Debtor's business and the resulting loss of value. For these reasons, the Committee does not object to the relief sought in the Motion *per se*. However, as detailed more fully in the Committees' Omnibus Objection filed contemporaneously herewith,[4] the Committee has serious concerns about the potential for value to be siphoned away from the Debtor, and believes that rigorous oversight of the Debtor's assets and operations and, in particular, its transactions with other entities that may be controlled by Mr. James Dondero, or individuals who may be acting in concert with him, is needed to ensure that the rights of the Debtor's creditors are protected and the value of the Debtor's assets is maximized.

---

[4] Contemporaneously with the filing of this Objection, the Committee filed the *Omnibus Objection of the Official Committee of Unsecured Creditors to the Debtor's (I) Motion for Final Order Authorizing Continuance of the Existing Cash management System, (II) Motion to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, and (III) Precautionary Motion for Approval of Protocols for "Ordinary Course" Transactions*.

## **OBJECTION**

3.  The Committee is concerned by the lack of transparency with respect to the identity of the Critical Vendors. The Debtor undertook a process to identify the Critical Vendors, and groups them in to two broad categories: Back Office Support Services and Research Services . However, the Debtor has not disclosed to the Committee whether any of the Critical Vendors are related to the Debtor and/or are owned or controlled, directly or indirectly, by Mr. Dondero or Mr. Mark Okada. The Committee requests that the Debtor provide additional information for each Critical Vendor so that the Committee may better determine whether such Critical Vendor, is, in fact, critical and is not receiving payment on its prepetition claims by virtue of its relationship to the Debtor or its principals.

\*    \*    \*    \*    \*

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Committee respectfully requests that the Court sustain this Limited Objection, require the above requested information be provided to the Committee, and provide such other and any further relief as the Court may deem just and proper.

| | |
|---|---|
| Date:  November 12, 2019<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Jaclyn C. Weissgerber*<br>Michael R. Nestor (No. 3526)<br>Edmon L. Morton (No. 3856)<br>Sean M. Beach, Esq. (No. 4070)<br>Jaclyn C. Weissgerber, Esq. (No. 6477)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone:  (302) 571-6600<br><br>-and-<br><br>SIDLEY AUSTIN LLP<br><br>Bojan Guzina, Esq. (admitted *pro hac vice*)<br>Matthew Clemente, Esq. (admitted *pro hac vice*)<br>Alyssa Russell, Esq. (admitted *pro hac vice*)<br>One South Dearborn Street<br>Chicago, IL 60603<br>Telephone:  (312) 853-7000<br><br>- and –<br><br>Jessica Boelter, Esq.<br>787 Seventh Avenue<br>New York, NY 10019<br>Telephone:  (212) 839-5300<br><br>- and –<br><br>Penny P. Reid, Esq. (admitted *pro hac vice*)<br>Paige Holden Montgomery, Esq. (admitted *pro hac vice*)<br>2021 McKinney Avenue, Suite 2000<br>Dallas, TX 74201<br>Telephone: (214) 981-3300<br><br>*Proposed Counsel for the Official Committee of Unsecured Creditors* |

4