**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| *In re:* | Chapter 11 |
| Highland Capital Management, L.P., | Case No. 19-12239 (CSS) |
|  | **Hearing Date: November 19, 2019 at 12:00 p.m.**<br>**Objections Due: November 12, 2019 at 4:00 p.m.** |
| Debtor. | Related to Docket Nos. 8, 44 and 52 |

**UNITED STATES TRUSTEE'S OBJECTION TO MOTION OF DEBTOR FOR ENTRY
OF FINAL ORDER AUTHORIZING DEBTOR TO FILE UNDER SEAL PORTIONS OF
CREDITOR MATRIX CONTAINING EMPLOYEE ADDRESS INFORMATION**

Andrew R. Vara, the Acting United States Trustee for Region 3 (the "U.S. Trustee"), through his undersigned counsel, files this objection (the "Objection") to the Motion of Debtor for Entry of Order Authorizing Debtor to File Under Seal Portions of Creditor Matrix Containing Employee Address Information (the "Motion"), and in support of his Objection, respectfully states as follows:

## PRELIMINARY STATEMENT

The bankruptcy process operates, like the rest of the court system, on the bedrock principles of transparency and disclosure, subject to very limited exceptions. The Motion seeks authority to redact from the creditor matrix the home address information of the Debtor's employees based on generalized assertions that the information could be used to perpetrate identity theft, among other things. The Debtor has not presented any evidence demonstrating that the limited exception under section 107(c) of the Bankruptcy Code should so broadly apply, and the Motion, as written, should be denied.

## JURISDICTION

1.      Pursuant to (i) 28 U.S.C. § 1334; (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Objection.

2.      Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district.  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.      Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## BACKGROUND

4.      On October 16, 2019, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      On October 29, 2019, an official committee of unsecured creditors (the "Committee) was appointed by the U.S. Trustee.

6.      On October 16, 2019, the Debtor filed the Motion, seeking authority to "file a redacted version of the creditor matrix without publicly disclosing employee address information." As justification for the requested relief, the Debtor contends that cause exists to redact the information "because such information: (a) is private and confidential, (b) could be used to

perpetrate identity theft- which has occurred in the past with certain of the Debtor's employees, (c) would potentially allow competitors to poach the Debtor's employees. .. ; and (d) could pose other risks to employees." (Motion, ¶ 9). On October 17, 2019, the Court entered an order authorizing the relief sought in the Motion on an interim basis. (Docket No. 44).

## ARGUMENT

7.      Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") requires that a debtor in a voluntary case "file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E/F, G and H as prescribed by the Official Forms." Rule 1007-2(a) of the Local Rules of Bankruptcy Procedure (the "Local Rules") provides that "[i]n all voluntary cases, the debtor shall file with the petition a list containing the name and *complete address of each creditor* in such format as directed by the Clerk's Office Procedures." Local Rule 1007-2(a) (emphasis added).

8.      Notwithstanding the general right of public access to judicial records,[1] codified by section 107(a) of the Bankruptcy Code, the Court may authorize limited exceptions to a debtor's disclosure requirements, such as that imposed by Bankruptcy Rule 1007(a)(1), in order to protect information that legitimately requires confidential treatment because its disclosure would create an undue risk of identity theft or other unlawful injury to the individual or the individual's property. *See* 11 U.S.C. § 107(c).

9.      In seeking to apply any such exception, however, the burden is on the moving party to show "that the interest in secrecy outweighs the presumption in favor of access." *See In re Continental Airlines,* 150 B.R. 334, 340 (D. Del. 1993).

---

[1]      *See generally Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 591 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.").

10.     Section 107(c) provides in relevant part:

(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

> (A) Any *means of identification (as defined in section 1028(d) of title 18)* contained in a paper filed, or to be filed, in a case under this title.

> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c) (emphasis added).

11.     Section 1028(d)(7) of title 18 provides that the term 'means of identification' means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any—

> (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;

> (B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;

> (C) unique electronic identification number, address, or routing code; or

> (D) telecommunication identifying information or access device (as defined in section 1029(e)).

12.     Notably, mailing addresses are not one of the enumerated "means of identification" defined in section 1028(d)(7) of title 18.

13.     Moreover, the Debtor has not set forth any particularized facts demonstrating that disclosure of all employees' mailing addresses in the creditor matrix would create any undue risk of identity theft or other unlawful injury.  The Debtor should be required to supplement the record so as to satisfy its burden under section 107(c) and allow the Court and parties in interest to determine whether redaction is appropriate under the circumstances.

4

14.    Further, any relief granted should not be so overarching as to prevent the public, and especially parties in interest, from accessing information in what is an inherently public process.  Any relief should be tailored accordingly.  *See, e.g., In re PGHC Holdings, Inc., et al.,* Case No. 18-12537-MFW (Bankr. D. Del. Nov. 30, 2018) ("Within three (3) business days of entry of this Order, the Debtors shall file the Creditor Matrix with the home addresses of current and former employees to the extent maintained in the ordinary course in the Debtors' books and records, *provided, however*, that the Debtors are authorized to redact the addresses of current and former employees who are known to the Debtors to be under the age of 18 as of the date of this Order.").

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the Motion and grant any such other and further relief that the Court deems just and proper.

Respectfully submitted,

**A**NDREW R. VARA
**ACTING UNITED STATES TRUSTEE**
**REGION 3**

Dated: November 12, 2019

**BY:**  */s/ Jane M. Leamy*
Jane M. Leamy, Esq. (No. 4113)
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491

5