# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re:* | Chapter 11 |
| Highland Capital Management, L.P., | Case No. 19-12239 (CSS) |
| Debtor. | **Hearing Date: November 19, 2019 at 12:00 p.m.**<br>**Objections Due: November 13, 2019 at 4:00 p.m.[1]**<br><br>Related to Docket No. 75 |

**UNITED STATES TRUSTEE'S OBJECTION TO MOTION OF DEBTOR PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) TO EMPLOY AND RETAIN DEVELOPMENT SPECIALISTS, INC. TO PROVIDE A CHIEF RESTRUCTURING OFFICER, ADDITIONAL PERSONNEL, AND FINANCIAL ADVISORY AND RESTRUCTURING RELATED SERVICES, NUNC PRO TUNC AS OF THE PETITION DATE**

Andrew R. Vara, the Acting United States Trustee for Region 3 (the "U.S. Trustee"), through his undersigned counsel, files this objection (the "Objection") to the Motion of Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Provide a Chief Restructuring Officer, Additional Personnel and Financial Advisory and Restructuring Related Services, *Nunc Pro Tunc* as of the Petition Date (the "Motion"), and in support of his Objection, respectfully states as follows:

## JURISDICTION

1.      Pursuant to (i) 28 U.S.C. § 1334; (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Objection.

2.      Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district.  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and

---

[1] The objection deadline was extended by agreement of the parties.

interpreted by the courts.  *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.       Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## BACKGROUND

4.       On October 16, 2019, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.       On October 29, 2019, an official committee of unsecured creditors (the "Committee) was appointed by the U.S. Trustee.

6.       The Debtor is a Delaware limited partnership.  James Dondero is the CEO of the Debtor.  Motion, Exhibit A, Engagement Letter, p. 1.  The Debtor is controlled by James Dondero through his ownership of Strand Advisors, Inc., the general partner of the Debtor.  See D.I. 77 Appendix 1, p. 2.

7.       On October 29, 2019, the Debtor filed the Motion, seeking authority to employ Bradley D. Sharp of Development Specialists Inc. ("DSI") as Chief Restructuring Officer ("CRO") of the Debtors.

8.       The Motion states that "the Debtor recognizes that [certain] creditors may question the Debtor's ability to act as an independent fiduciary for the benefit of this estate during this case." (Motion, ¶ 5).  The Motion further states, "in order to bring complete transparency and fairness with respect to the Debtor's insider relationships, the CRO will have exclusive powers and independent authority over the Debtor's ongoing relationships with, and potential claims

against, insiders of the Debtor.  The CRO will report to no one except this Court with respect to such matters." (Id. at ¶ 6).

9.      The DSI Engagement Letter, attached to the Motion as Exhibit A, outlines "Exclusive Powers of CRO ("Category One"):

- CRO will have complete authority to pursue any claims against insiders or affiliates of any insiders, including, but not limited to, over the collection of any promissory notes held by any insiders or affiliates of insiders, and the investigation and prosecution of any avoidance actions (e.g., fraudulent conveyances), against any insider or affiliate of any insider. With respect to the actual prosecution of any such avoidance actions, CRO will take into account whether there are sufficient assets in the estate to pay all creditors in full without prosecuting avoidance actions.

- CRO will have ability to approve any out of the ordinary course compensation or bonus to insiders.

- CRO will have ability to approve of any transaction that the Company or a Company affiliate engages in with any entity in which James Dondero has any direct or indirect ownership interest, or any affiliate of such entity. As this may implicate many kinds of transactions that the Company engages in, CRO, in his discretion, may pre-authorize the Company to engage in certain kinds of transactions in the ordinary course of its business that CRO believes do not raise any concerns as to any insider interference, and CRO has the discretion to terminate such arrangement in his discretion at any time.

- CRO will have final authority to determine whether any transaction constitutes an out of the ordinary course transaction that needs court approval.

- CRO may take any of the actions set forth in this Category One without the consent of the Company or any officer of the Company but will notify the Company within a reasonable period of time of any action or decision CRO makes with respect to the foregoing.

Motion, Exhibit A, Engagement Letter, p. 1.

## ARGUMENT

10.      The Motion should be denied because Mr. Sharp cannot serve a dual role of both director/person in control and officer of the Debtor while also serving as a section 327(a)

professional.  Under DSI's proposed terms of engagement, Mr. Sharp would not be accountable to a board or similar governing body for certain specified matters.   The Debtor cannot make Mr. Sharp a *de facto* chapter 11 trustee responsible for "Category 1" matters as specified in the DSI Engagement Letter.  The Bankruptcy Code vests the authority to direct the appointment of a chapter 11 trustee with the Court, and vests the U.S. Trustee with the authority to appoint such a chapter 11 trustee subject to Court approval.

11.     Mr. Sharp and DSI are professional persons whose retention is subject to section 327(a) and, due to their interested status, they cannot satisfy the requirements for employment under that statute.

12.     Section 327(a) of the Bankruptcy Code authorizes the retention of professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons[.]"

13.     Section 101(14) defines "disinterested person" to mean a person that—

(A)     is not a creditor, an equity security holder, or an insider;

(B)     is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

(C)     does not have an interest materially adverse to the interest of the estate . . . by reason of any direct or indirect relationship to, connection with, or interest in, the debtor,  or for any other reason[.]

14.     A chapter 11 debtor cannot employ professionals who are not disinterested.  *See*, *e.g.*, *United States Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3d Cir. 1994) ("[T]he power of a debtor in possession to employ accountants or other professionals . . . is specified by Section 327(a) . . . .  [T]he debtors in this case could not employ accountants or other professional who were not 'disinterested.'").

15.     Basic principles of statutory construction dictate that the Bankruptcy Code be interpreted as a whole.  *See Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 559 (3d Cir. 2003).  Accordingly, to the extent that the Bankruptcy Code provides authority for a debtor in possession to employ "professional persons" under one section of the Code—Section 327(a)—subject to certain qualifying requirements, the debtor in possession and the professional at issue should not be permitted to evade or ignore those requirements by shopping for a less-specific Code section that does not contain the same requirements.  *See F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.)*, 844 F.2d 99, 108-09 (3d Cir. 1988) (refusing to permit professional that was unable to meet requirements for employment under Section 327(a) to seek compensation under Section 503(b)(1)(A)).

16.     Mr. Sharp is a professional person whose employment must be approved under Section 327(a).  *See In re First Merchants Acceptance Corp.*, 1997 WL 873551 at *2, 3 (D. Del. Dec. 15, 1997) (Farnan, C.J.) (describing "quantitative" and "qualitative" tests for evaluating whether an entity is a "professional" under 11 U.S.C. § 327(a).  Relevant factors include whether (1) the person manages or sells assets that are significant to the debtor's reorganization; (2) the person is involved in negotiating the terms of a plan; (3) the employment is directly related to the routine maintenance of the debtor's business operations; (4) the person has autonomy to exercise independent professional judgment; (5) the extent of the person's involvement in the administration of the estate; and (6) the person's services involve special skill or knowledge).

17.     However, Mr. Sharp and DSI cannot be retained under Section 327(a) because they do not meet the statute's disinterestedness requirement.  As CRO, Mr. Sharp is an "officer." As the person who would make all decisions regarding insider transactions and claims against insiders and affiliates in the Debtor's bankruptcy case, among other items, he is, in essence, a

director or person in control of the Debtor.  As an officer, director, or person in control, he is an

insider.  *See* 11 U.S.C. § 101(31)(B)(i)-(iii).  His status as an officer, director and insider (and, by

extension, his lack of disinterestedness) is properly imputed to DSI because his employment as

CRO would be an integral part of DSI's engagement.  *See In re Essential Therapeutics, Inc.*, 295

B.R. 203, 208-11 (Bankr. D. Del. 2003) (Walrath, C.J.) (partner's status as "officer" properly

imputed to firm).  Mr. Sharp is DSI's representative – thus, DSI, by providing its services, is

serving as an "officer" and/or or person in control of the Debtor post-petition.

18.     DSI's role as an officer, person in control, and/or insider of the Debtor in this case

renders DSI not disinterested pursuant to Section 101(14)(A) and (B) and therefore ineligible to

be retained under Section 327(a).[2]


WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the Motion and

grant any such other and further relief that the Court deems just and proper.


Respectfully submitted,


ANDREW R. VARA
ACTING UNITED STATES TRUSTEE
REGION 3

Dated: November 13, 2019             BY:  */s/ Jane M. Leamy*
                                          Jane M. Leamy (No. 4113)
                                          Trial Attorney
                                          Office of the United States Trustee
                                          J. Caleb Boggs Federal Building
                                          844 N. King Street, Room 2207
                                          Wilmington, DE 19801
                                          (302) 573-6491 (Phone)
                                          Jane.M.Leamy@usdoj.gov

---

[2] The U.S. Trustee has proposed changes to the proposed form of order that would, should the retention be otherwise appropriate, resolve the problem of disinterestedness under Section 327(a).