IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-12239 (CSS) ) |
| Debtor. | ) **Related to Docket Nos. 3, 40** |

# FINAL ORDER (A) AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND (B) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for the entry of a final order (the "Order"), (a) authorizing the Debtor to pay Critical Vendor Claims up to the Critical Vendor Cap, and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on final basis as set forth herein.

2. The Vendor Agreement, substantially in the form attached hereto as **Exhibit 1**, is approved in its entirety.

3. The Debtor is authorized, but not directed, to pay the Critical Vendor Claims; *provided, that*, such payments shall not exceed $750,000 in the aggregate unless otherwise ordered by the Court after notice and a hearing.

4. The Debtor is authorized, but not directed, to pay the Critical Vendor Claims, in whole or in part, upon such terms and in the manner provided in this Order regardless of whether a Critical Vendor has executed a Vendor Agreement; *provided that*, if any Critical Vendor accepts payment hereunder and does not continue supplying goods, or services to the Debtor in accordance with trade terms at least as favorable to the Debtor as those practices and programs (including credit limits, pricing, cash discounts, timing of payments, allowances, availability, and other programs) in place 12 months prior to the Petition Date, or such other trade terms that are acceptable to the Debtor (collectively, the "Customary Trade Terms"), then:

(a) the Debtor may then take any and all appropriate steps to cause such Critical Vendor to repay payments made to it on account of its prepetition claim to the extent that such payments exceed the postpetition amounts then owing to such Critical Vendor; (b) upon recovery by the Debtor, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtor to such party, the Debtor may elect to re-characterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay to the Debtor such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.  For the avoidance of doubt, the Debtors may not exercise the remedies provided for herein without further approval by the Court.

5.     Each month, the Debtor shall submit to the official committee of unsecured creditors (the "Committee"), a report showing, by Critical Vendor: (i) payments made on account of Critical Vendor Claims within the past month: (ii) cumulative payments made on account of Critical Vendor Claims, and (iii) known outstanding Critical Vendor Claims.

6.     The Debtor shall provide notice to the Committee seven (7) days in advance of any individual or series of payments that aggregate to more than $50,000 made to any particular Critical Vendor on account of Critical Vendor Claims.

7.     Nothing herein grants the Debtor authority to make any payments to any affiliate of or any entity related to the Debtor, or to any entities directly or indirectly owned or controlled by James Dondero or Mark Okada.

8. Nothing herein shall impair or prejudice the Debtor's ability to contest, in its desertion, or any other party's ability to contest, the extent, perfection, priority, validity, or amounts of any claims held by any Critical Vendor.

9. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

10. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Order.

11. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: November 26th, 2019
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE